STANLEY VS. GOODRICH and others.

The grantor of land with a covenant against all incumbrances, &c., was made defendant to an action to foreclose a mortgage which was a lien at the time the deed was executed; but he having demurred to the complaint, the plaintiff discontinued the action as to him and took judgment of foreclosure and sale against his grantee and others who had not answered. The grantor having applied to the court to vacate the judgment, and permit him to defend with the same rights as if the cause had not been discontinued as to him : *Held*, that if the petition had been denied, and the judgment permitted to stand, the grantor would have been cut off from all defense in an action against him by his grantee upon the covenants of his deed; and the court therefore did not err in granting his petition.

Where the grantor, by his deed, had covenanted for his heirs, executors and administrators, but had omitted the word "himself :" *Held*, that if the covenant was not technically valid at law, a court of equity would make it so, in conformity to the obvious intention of the covenantor.

APPEAL from the Circuit Court for *Dodge* County.

Foreclosure of a mortgage on real estate, executed by *James S. Church and wife*, August 9, 1852, to the La Crosse and Milwaukee Railroad Company, to secure a note of the same date made by *James S. Church* to said company. The note and mortgage were attached to a bond of the railroad company, which contained a clause assigning them to the holder of the bond as collateral security, and are alleged in the complaint to have been transferred with it to the plaintiff for a valuable consideration. The complaint avers default in the payment of the bond. *Church* and wife were originally made defendants to the action, and *Goodrich* and others were also made defendants as having a subsequent interest in the mortgaged premises. *Church* demurred to the complaint, on the ground that it appeared upon the face thereof that the mortgagee should have been made a party plaintiff, and also on the ground that it did not state a cause of action. The *Milwaukee & St. Paul Railway Co.* answered that it had become the owner of a part of the mortgaged premises since the execution of the mortgage, and prayed that the judgment should direct that that portion should be last sold. The other defendants did not appear. On the 22d

of September, 1863, the plaintiff filed a stipulation between itself and the *M. & St. P. Railway Co.*, that judgment should be rendered as prayed for in the answer of the latter. He also filed proof of due notice of *lis pendens*, and an affidavit of no answer &c. as to the other defendants, and also entered and filed with the clerk a rule discontinuing the cause as to *Church and wife*, with costs in their favor to be taxed against him; and on the same day took an order of reference to complete the amount due on the note and mortgage and the bond to which they were attached; and the referee having made his report, judgment of foreclosure and sale was entered in pursuance thereof, without any clause directing the entry of a personal judgment against the mortgagor for a deficiency. Afterwards, on the same day, notice of the rule of discontinuance was served on *Church and wife*, with an offer in writing to pay their costs as soon as taxed, and a waiver of notice of taxation. Three days afterwards, on petition of *Church*, an order was granted requiring the plaintiff to show cause why the judgment should not be vacated, and *Church* be made a defendant with the same rights as if the cause had not been discontinued as to him. The petition states, *inter alia*, that the said *Church and wife* had interposed their demurrer to the complaint, by advice of their counsel, in good faith, for the purpose of bringing into court necessary parties plaintiff. It also states that, after the execution of the mortgage in suit, said *Church* sold the premises to the defendant *Goodrich* for a valuable consideration, and conveyed them to him with full covenants of warranty of title, against incumbrances, and for quiet enjoyment, which covenants were still in force; and that the deed contained no allusion to the mortgage, and *Goodrich* did not purchase subject to the lien thereof. The petition (which was sworn to) states also that the petitioner "has fully and fairly stated the case in this action to Messrs. Smith & Ordway, * * his attorneys retained by him to defend said action, and that he has a good, valid and substantial defense upon the merits to the

cause of action set forth in the complaint, as he is advised by his counsel, after such statement made as aforesaid, and verily believes." On the hearing, the motion to vacate the judgment and to make *Church* a defendant with the same rights as if the action had not been discontinued as to him, was granted ; and from this order the plaintiff appealed.

*Butler & Cottrill,* for appellant:

1. If the petitioner should have been relieved at all, the order should only have admitted him as a party on proper terms, *retaining the judgment as to the other defendants,* and, if necessary for the protection of the petitioner, directing a stay of proceedings upon it until his rights could be adjudicated. 2. *Church* was not a *necessary* nor a *proper* party to the foreclosure, as we asked no judgment against him, but sought only to subject the land to sale after he had parted with all his title thereto. *Van Nest v. Latson,* 19 Barb., 604 ; *Drury v. Clark,* 16 How. Pr. R., 424 ; *Bigelow v. Bush,* 6 Paige, 343 ; *Cherry v. Monro,* 2 Barb. Ch., 618 ; *Jumel v. Jumel,* 7 Paige, 591 ; *Marsh v. Pike,* 10 id., 595. 3. *Church's* application was for leave to come in and *demur.* The first ground of demurrer was clearly untenable, for this reason among others, that the plaintiff, as to the railroad company, is a trustee of an express trust, and by sec. 14, ch. 122, R. S., authorized as such to sue alone. *Stevens v. Campbell,* 13 Wis., 375 ; *Kimball v. Spicer,* 12 id., 671 ; *Grinnell v. Schmidt,* 2 Sandf. (S. C.), 706 ; *Miller v. Ins. Co.,* 17 N. Y., 615 ; *Considerant v. Brisbane,* 22 N. Y., 389 ; 4 Abb., 106 ; *Jones v. Costigan,* 12 Wis., 677. The second ground of demurrer is frivolous. 4. The ground of *Church's* application is, that as between him and his grantee he is bound to pay the mortgage. But by his deed he warrants only "for his *heirs,* executors and administrators ;" not for *himself.* Our statute, R. S., ch. 86, sec. 5, provides that no covenants shall be implied in any conveyance. His heirs, executors and administrators are not bound, since he is not himself bound. 5. The judgment in this action, after its discontinuance as to *Church,*

would not bind him in any subsequent action either upon his alleged covenants or upon any agreement outside of them. *Carney v. Emmons*, 9 Wis., 114; *Adams v. Filer*, 7 id., 306; *Hathaway v. Fullerton*, 11 id., 287. 6. There is no sufficient affidavit of merits. The statement in the petition is not that he has a good defense to the case upon the merits. A defective affidavit of merits amounts to no affidavit at all. *Burnham v. Smith*, 11 Wis., 258.

*Smith & Ordway*, for respondent, as to the practice of admitting proper parties *on petition*, cited *Strong v. Catton*, 1 Wis., 471; *Gelpeke v. Mil. & Hor. R. R. Co.*, 11 id., 455; *Bean v. Fisher*, 14 id., 58; *Ward v. Clark*, 6 id., 512; *Hungerford v. Cushing*, 8 id., 344; *Ensworth v. Lambert*, 4 Johns. Ch., 605; Dan. Ch. Pr., 1658; *Smith v. Evans*, 3 A. K. Marsh., 217; *Parberry v. Goram*, 3 Bibb, 108; 2 Van Santv. Eq., 424; 1 Barb. Ch. Pr., 579. To the point that every person who has a legal or equitable interest in the subject matter and result of the suit ought to be made defendant, they cited Story's Eq. Jur., 83; *Gray v. Schenck*, 4 Coms., 460; R. S., ch. 125, sec. 37, and ch. 122, secs, 18, 19. To the point that *Church* had such an interest, they cited 2 Spencer's Eq. Jur, 695: *Johnson v. Hart*, 3 Johns. Cas., 331; Willard's Eq. Jur., 415; *Malins v. Broom*, 4 Coms., 403; *Hall v. Nelson*, 14 How. Pr. R., 33; *Crooke v. O'Higgins*, id., 154; *Mickles v. Townsend*, 18 N. Y., 575; Coote on Mort., 577; 1 Hilliard on Mort., 140; *Lane v. Erskine*, 13 Ill., 501; *Pierson v. Robinson*, 3 Swanston, 139; *Farmer v. Curtis*, 2 Sim., 465; *Hundley v. Webb*, 3 J. J. Marsh., 643; *Whitlock v. Fisk*, 3 Edw. Ch., 131. To the point that *Church* must be understood as having by his deed covenanted for himself, since that was the clear intention, and no effect could otherwise be given to the words of covenant actually used, they cited *Nazro v. Merchants' Mut. Ins. Co.*, 14 Wis., 299; *Morrison v. Austin*, id., 613; 2 Hilliard on R. P., 380; Co. Lit., 367, b, 385, 386, a; *Bull v. Follett*, 5 Cow., 170; *Marvin v. Stone*, 2 id., 806.

*By the Court,* DIXON, C. J. It is the opinion of the court, if the petition of *Church* had been denied, and the judgment against *Goodrich* and others permitted to stand, that *Church* would have been cut off from all defense in an action by *Goodrich* against him upon the covenants in the deed. As between *Church* and *Goodrich*, *Church* is the principal debtor, and liable for the payment of the mortgage. He has covenanted against it. If the action had been instituted against *Goodrich* and others, omitting *Church*, and *Goodrich* had notified *Church* of its pendency, with a request that he defend, and tendered him the conduct of the defense, and *Church* had neglected to defend, or, on his defending, judgment had gone against *Goodrich*, in either case there can be no doubt that *Church* would have been concluded, and that, in an action against him upon the covenants in the deed, the existence or validity of the mortgage could not have been disputed. *Adams v. Filer,* 7 Wis., 306. It seems to the court, from the attitude of the parties to this action, that the same result must follow if the judgment entered is permitted to stand. *Church* was a party originally, properly made so with *Goodrich*, and duly served with process. Of this fact his co-defendant *Goodrich* was apprised, and being apprised, there was no necessity for his notifying *Church* of the pendency of the action or tendering him the conduct of the defense. *Church* was already notified, and had the defense in his own hands. This was equivalent to a notice and tender of the conduct of the defense in other cases; and if afterwards *Church* suffered a discontinuance as to himself and judgment against *Goodrich*, he would still be bound. For these reasons the court is of opinion that the petition of *Church* stands upon a solid foundation of merit, and that the judgment was properly opened. The petition shows that *Church* intended in good faith to contest the mortgage upon the merits, that the demurrer was put in by the advice of counsel, and that the discontinuance operated in reality as a surprise upon him. Under such circumstances, it was no hardship upon the plaintiff to

restore the action to the condition in which it was at the time the order of discontinuance was entered.

As to the omission of the word " himself" in the covenants of the deed, we do not dwell much upon that. There can be no doubt of the intention of the parties; and if the covenants are not technically valid at law, a court of equity, in conformity to the intention of the covenantor, will very soon make them so.

Order affirmed.